MILLS, Judge.
The trial court upheld the Department’s assessment of rental taxes (Section 212.-031, Florida Statutes) against Zero. This appeal results.
From 1 May 1969 to 1 April 1970, Zero occupied a building owned by American Consumer Industries, Inc., who also owned Zero. Zero contends that there was no tenancy between American and it, and that the monthly sum of money paid by Zero to American was a cash contribution between subsidiary and parent, not rent. However, the monthly sum paid by Zero to American was carried on the corporate books as rent. The trial court found that the monthly payment made by Zero to American was rent. We agree.
Zero operated a cold storage warehouse in the building which was used for the *767 storage of food only. Zero urges that under the provisions of Section 212.08(1), Florida Statutes, it is exempt from taxation. This section exempts food from the tax imposed by Chapter 212, Florida Statutes. Chapter 212 imposes a sales tax, a use tax, rental taxes and admission taxes. Each tax is assessed for the exercise of a separate and distinct taxable privilege. The preamble to Section 212.08 provides:
“The sale at retail, the rental, the use, the consumption, the distribution and the storage to be used or consumed in this state, of the following tangible personal property, are hereby specifically exempt from the tax imposed by this chapter.”
The exemption referred to in Section 212.08 applies only to tangible personal property, and does not apply to the renting of real property with which we are involved here. The trial court held that Zero was subject to the rental tax. We agree.
American sold the building to Prudent Investors Trust in April 1970, and it was leased by Prudent to Zero from 1 May 1970 through May 1972. During this period, Zero rented parts of the building to others for a profit. Zero paid the rental tax on the rent it paid to Prudent, but did not collect the rental tax from those to whom it sublet.
Zero contends that Section 212.-031 (2) (b), Florida Statutes, prohibits the state from collecting more than one tax on the rental for the use of the property, and prohibits the pyramiding of taxes. Therefore, it is not required to collect rental taxes from its sublessees. The tax provided by Section 212.031(1), Florida Statutes, is a tax on the privilege of renting property. It is not a tax on the property.
Section 212.031(2)(a), Florida Statutes, places the tax on the tenant. The legislative intent is expressed in Section 212.-12(11), Florida Statutes: whenever there is any question respecting a duplication of the tax, the end consumer or last retail sale shall be the sale intended to be taxed. The Department has interpreted the provisions of Section 212.031 (2) (b) by Regulations 12A~1.70(6) and 12A-1.70(7). Subsection (6) provides that a tenant who sublets and collects rentals on a taxable portion of the property must register as a dealer and collect and remit the tax on subrentals. Subsection (7) provides that when a tenant sublets a portion of the leased property, he may take credit on a pro rata basis for the tax that he paid to his landlord on the space he subleases. Proration shall be computed on a square footage or other basis acceptable to the Department.
The Department’s method is consistent with the intent of the statute. It is reasonable and provides equal treatment to all similarly situated. The rental tax is paid by the ultimate consumer on only that amount of the building he occupies. Only one tax is collected on the occupancy or use of the entire property. There is no pyramiding. The tax is only collected from a tenant or subtenant on the rent charged for the space occupied by him. This is done by giving a credit to the prime tenant for the space he sublets only one tax is collected on the actual occupancy or use of the property. The trial court held that neither Section 212.031(2) (b) nor the Department’s administration of it was arbitrary, unreasonable, or discriminatory, and that the Department’s administration of the section provided equal treatment to all who were similarly situated. We agree.
Under the provisions of Section 212.-12(2), Florida Statutes, the Department assessed a penalty against Zero because it did not pay the tax within the timé required by Chapter 212, Florida Statutes. Zero contends the Department abused its discretion in assessing the penalty becauáfe it acted in good faith.
The trial court refused to set aside the penalty. We agree. Zero should have *768 timely paid the tax under protest, and then brought suit.
The final judgment is affirmed.
TENCH, BENJAMIN M., Associate Judge, concurs.
BOYER, C. J., concurs in part and dissents in part.